IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:22-cv-00624-WCM

| | |
|---|---|
| LISA RENEA MOOD, | ) |
| Plaintiff, | ) |
| v. | ) ORDER |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | ) |
| Defendant. | ) |

This matter is before the Court on Plaintiff's Petition for Attorney Fees (the "Petition," Doc. 19).

Under the Equal Access to Justice Act ("EAJA"), the Court must award attorney's fees to a prevailing party (other than the United States) in a civil action brought against the United States unless the Court finds that the Government's position was "substantially justified" or that "special circumstances" would make such an award unjust. 28 U.S.C. § 2412(d)(1)(A). Because the Court ordered that this case be remanded to the Social Security Administration, Plaintiff is properly considered a "prevailing party" in this action. See Shalala v. Schaefer, 509 U.S. 292, 302 (1993); Docs. 15, 16.

An award of attorney's fees under the EAJA must be "reasonable." 28 U.S.C. § 2412(A). It is within the Court's discretion to award attorney's fees

1

above the statutory hourly rate. See Payne v. Sullivan, 977 F.2d 900, 903 (4th Cir. 1992).

Here, the Petition states that Plaintiff seeks $4,300.00 in fees, and that the Commissioner stipulates to an award of this amount. Doc. 19. Plaintiff has also submitted an Appendix to the Petition (the "Appendix"), which shows the time expended on the case.[1] Doc. 19-1 at 2.

After review and consideration of the Motion, supporting documents, and applicable authority, the Court finds that the amount sought is reasonable.

**IT IS THEREFORE ORDERED THAT:**

1. Plaintiff's Petition for Attorney Fees Under the Equal Access to Justice Act 28 U.S.C. § 2412 (Doc. 19) is **GRANTED** and Plaintiff is awarded attorney's fees in the amount of $4,300.00 ("Fee Award").

2. As EAJA fees belong to the litigant and are subject to offset under the Treasury Offset Program, see Astrue v. Ratliff, 560 U.S. 586, 589 (2010) the Fee Award shall be paid by Defendant as follows:

    a. If Plaintiff has federal debt registered with the Department of the Treasury that may be offset by the Fee

---

[1] The Appendix indicates that the parties have agreed that some paralegal time is compensable. "Although fees for paralegal time may be recoverable under the EAJA, such fees are only recoverable to the extent they reflect tasks traditionally performed by an attorney and for which the attorney would customarily charge the client." Hyatt v. Barnhart, 315 F.3d 239, 255 (4th Cir. 2002) (citing Jean v. Nelson, 863 F.2d 759, 778 (11th Cir. 1988)).

2

Award, such amount of the Fee Award as is necessary to satisfy Plaintiff's federal debt shall be so used, up to and including the entire amount of the Fee Award.

b. The remaining balance of the Fee Award after application of the offset, if any, described above shall be delivered by Defendant to Plaintiff's counsel on behalf of Plaintiff.

Signed: March 11, 2024

W. Carleton Metcalf
United States Magistrate Judge